**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES MIKLE SCOTT, JR.,**
d/b/a **SCOTT'S FRAMING
SERVICES LLC,**

    **Plaintiff,**

vs.                                                         Case No. 4:23cv109-RH-MAF

**EMERALD COAST FEDERAL
CREDIT UNION,** et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This cause is before the Court upon referral from the Clerk of Court. Plaintiff James Scott Jr., proceeding pro se, submitted a civil rights complaint against three Defendants in March 2023, ECF No. 1, along with a motion seeking leave to proceed in forma pauperis, ECF No. 2. The case was initiated in the Panama City Division of the Northern District of Florida. However, because two of the Defendants are located in Franklin County, Florida, and the third Defendant in Leon County, Florida, the case was transferred to the Tallahassee Division of this Court. ECF No. 4.

Upon review, Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, was granted and the complaint reviewed. ECF No. 6. Although the complaint was filed by Mr. Scott, pro se as demonstrated by his signature, *see* ECF No. 1 at 8, the case was brought in the name of James Mikle Scott, Jr., as Owner of Scott's Framing Services LLC. *Id.* at 1. The allegations indicate that Mr. Scott's Framing Service was "awarded a bid to perform work in the community," and a check was sent to the company for building materials. *Id.* at 11. He contends that he was paid for "the cost of material" but was never given "a final payment on jobs completed . . . ." *Id.* Plaintiff further claims that funds were deposited in his account but then "routed to another account without [his] knowledge or approval . . . ." *Id.* Mr. Scott also claims that one Defendant, Rose Griffin, fraudulently sent other workers to perform work, claiming they were from Plaintiff's company, and then she would "profit from the work performed under false pretenses." *Id.* at 13.

The complaint also alleges that Defendant Griffin created a fraudulent company and diverted money for her own benefit. *Id.* at 12-13. Plaintiff alleges she committed fraud "again [his] company" and Plaintiff seeks damages from all Defendants for the damage caused. *Id.* at 13.

Case No. 4:23cv109-RH-MAF

An Order was entered in May 2023, noting several deficiencies which prevent the case from moving forward. First, the claims alleged are for indirect injuries to Mr. Scott, but the true injury was to the business owned by Mr. Scott - Scott's Framing Services LLC. The damage award requested is to be paid to "his company." *Id.* at 14.

There was no indication that Mr. Scott is a licensed attorney. He was advised that well established case law provides that a corporation or other business entity may only appear in court if represented by an attorney. Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a non-lawyer sole shareholder from appearing on behalf of a corporation); Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel"); Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988)(Tjoflat, dissenting); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985).

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948) (citations omitted). Courts have entered judgments against corporations who attempted to appear in court *pro se*. Woodford Mfg. Co. v. A.O.Q., Inc., 772 P.2d 652 (Colo. App. 1988); *see also* Boydston v. Strole Development Co., 193 Ariz. 47, 50-51, 969 P.2d 653, 656-657 (Ariz. 1998). "The proposition that a corporation must be represented by an attorney also applies to limited liability companies." Souffrant v. Denhil Oil, LLC, No. 10-80246, 2010 WL 1541192, at *1 (S.D. Fla. 2010) (citing Stockwire Research Group, Inc. v. Lebed, 577 F.Supp.2d 1262, 1264 (S.D. Fla. 2008) (stating that "the Court ordered Corporate Defendants Pigasa, Inc. and Lebed Biz, LLC to obtain substitute Counsel no later than March 10, 2008 or face potential default") (other citations omitted); Energy Lighting Mgmt., LLC v. Kinder, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005) (noting "that

limited liability companies, like corporations, 'may appear and be heard only through counsel'") (citations omitted).

Because the true Plaintiff in this case is Scott's Framing Services LLC, an artificial entity, the prior Order advised that this case could not proceed without representation by an attorney. ECF No. 6. Mr. Scott cannot represent his company because he is not an attorney. A notice of appearance of counsel was to be filed on or before June 30, 2023. ECF No. 6.

The Order advised that a notice of appearance of counsel would also cure two other deficiencies with the complaint as filed - that the factual allegations were not presented in short, numbered paragraphs as is required by Rule 10(b), and the case was filed on a civil rights complaint form, ECF No. 1, but Plaintiff did not identify what federal laws or constitutional rights were violated. ECF No. 6. As of this date, no further action has been taken and a notice of appearance of counsel was not filed. Because the case cannot proceed as filed, and Plaintiff appears to have abandoned this litigation, this case should be dismissed. Plaintiff was warned that if he failed to comply with the Order, a recommendation of dismissal would be made. That action is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

Case No. 4:23cv109-RH-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv109-RH-MAF